UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: _____

GREGORY DICKINSON,

    Plaintiff,
vs.

ULTA BEAUTY COSMETICS, LLC

    Defendant.
_____/

## Complaint – Jury Trial Demanded

Plaintiff, Gregory Dickinson, sues Defendant, Ulta Beauty Cosmetics, LLC and alleges as follows:

### Introduction

1. This is a race discrimination and retaliation complaint brought by Gregory Dickinson, a black hair stylist formerly employed by Ulta Beauty Cosmetics, (Ulta or Defendant) who, despite his nearly three decades of hair styling experience, exceptional qualifications, and performing his job duties well, was treated differently than his non-white coworkers and was fired after he objected to Ulta's policy of racially profiling black customers. He sues pursuant to Title VII of the Civil Rights Act (Title VII), the Florida Civil Rights Act (FCRA) and 42 U.S.C. § 1981. He seeks back pay, compensatory damages, reinstatement or front pay, injunctive and declaratory relief, litigation expenses, and reasonable attorneys' fees.

## Jurisdiction, Venue, and Parties

2. This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1331. This Court has jurisdiction to grant declaratory and further relief pursuant to 28 U.S.C. §§ 2201 and 2202.

3. Venue is proper in the Southern District of Florida pursuant to 28 U.S.C. § 1391 because the events and omissions giving rise to the claims occurred in Broward County, Florida, where Plaintiff was employed.

4. Plaintiff is an individual residing in Palm Beach County Florida who at all times material was:

   a. an "employee" as envisioned by Title VII and the FCRA;

   b. protected by 42 U.S.C. § 1981 because he is a non-white U.S. citizen and because he opposed illegal practices under that statute.

5. Defendant is a Florida Limited Liability Company and at all times material was and is an "employer" as envisioned by Title VII and the FCRA; and was at all times aware of and ratified the actions of General Manager Cory Backovitch towards Plaintiff.

## Satisfaction of Conditions Precedent

6. Plaintiff, on or about April 27, 2020, filed a Charge of Discrimination with the Equal Employment Opportunity Commission (EEOC) and Florida Commission on Human Relations (FCHR), alleging race discrimination.

7. More than 180 days have elapsed from his filing the Charge of Discrimination, and this action is filed within 90 days of his receipt of the notice of rights to sue.

8. All conditions precedent to this action have been satisfied, have been waived, or would be futile.

## General Allegations

9. Plaintiff began working as a hair stylist for Ulta Beauty in the Spring of 2018.

10. From the inception of his employment, Plaintiff was consistently one of Ulta's top performers. When the store posted its weekly ranking of its hair stylists, Plaintiff maintained the top one or two positions on a regular basis.

11. Also throughout his employment, Plaintiff, himself a black man, was asked to engage in racial profiling against black customers. Cory Backovich, the store's general manager, directed Plaintiff to follow black customers around the store because "they look suspicious"

12. Defendant's policy of racially profiling black customers was so pervasive that it made national media headlines on websites including today.com, nbcnews.com, people.com, yahoo.com, and others.

13. In March 2020, following one of Mr. Backovich's routine instructions to racially profile black customers, Plaintiff objected, stating that he did not want to follow and watch black customers anymore, adding that, "You make all of these black people feel like O.J.," referring to O.J. Simpson. Mr. Backovich responded, "You all are O.J."

14. Also in March 2020, after Plaintiff took a day off, he was verbally reprimanded for not following attendance procedures, but such reprimands were not extended to Plaintiff's non-black coworkers, who routinely flouted Ulta's attendance procedures with impunity.

15. Shortly thereafter, on or around March 14, 2020, Defendant fired Plaintiff.

## Count I: Race Discrimination in Violation of Title VII

16. Plaintiff realleges and adopts, as if fully set forth in this Count, all of the allegations in ¶¶ 1-15.

17. Defendant's treatment of Plaintiff, as more particularly alleged above, was motivated by Plaintiff's race, and thus, violated Plaintiff's rights under Title VII of the Civil Rights Act of 1964.

18. As a direct natural, proximate and foreseeable result of defendant's actions, Plaintiff has suffered lost wages and benefits, in the past and such losses will continue in the future, he has suffered emotional distress, inconvenience, embarrassment and other non-pecuniary damages and such damages will continue in the future.

19. Defendant's conduct towards Plaintiff was willful, wanton and in flagrant disregard of his federally protected rights against race discrimination so as to justify punitive damages.

20. The discrimination that Plaintiff is suffering, in violation of his state and federal statutory rights to be free from such discrimination, constitutes irreparable harm for which there is no adequate remedy at law.

21. Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to 42 U.S.C. § 2000e-5(k).

WHEREFORE, Plaintiff prays that this Court will:

    a. issue a declaratory judgment that the discrimination against Plaintiff by Defendant was a violation of his rights under Title VII;

    b. enjoin Defendant from continuing to violate Plaintiff's federally and statutorily protected rights and to make Plaintiff whole;

    c. enter a judgment for Plaintiff and award damages, including punitive damages against Defendant;

    d. grant Plaintiff his reasonable attorneys' fees and litigation costs pursuant to 42 U.S.C. § 2000e-5(k), and;

    e. provide any other relief that is appropriate.

### Count II: Race Discrimination in Violation of the Florida Civil Rights Act

22. Plaintiff realleges and adopts, as if fully set forth in this Count, all of the allegations in ¶¶ 1-15.

23. Plaintiff's race was a substantial motivating cause of his being treated differently than other employees.

24. The race-discriminatory conduct of the Defendant and its agents, proximately, directly, and foreseeably caused Plaintiff damages, including but not limited to lost wages and benefits, future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

25. Plaintiff has no plain, adequate, or complete remedy at law for Defendant's actions, which have caused, and continue to cause, irreparable harm.

26. The discrimination against Plaintiff, of which Defendant's higher management was aware and which it ratified, was in such reckless disregard of Plaintiff's statutory rights against discrimination as to entitle Plaintiff to an award of punitive damages against Defendant to punish it and dissuade such conduct in the future.

27. Plaintiff is entitled to recover attorneys' fees and litigation expenses under § 760.11(5), FLA. STAT.

WHEREFORE, Plaintiff prays that this Court will:

    a. issue a declaratory judgment that the discrimination against Plaintiff by Defendant was a violation of his rights under the FCRA;

b. enjoin Defendant from continuing to violate Plaintiff's rights against race discrimination and to make him whole through either reinstatement or front pay;

c. grant Plaintiff judgment against Defendant for back pay and damages, including punitive damages, for its violations of the FCRA;

d. grant Plaintiff his reasonable attorneys' fees and litigation expenses, and;

e. provide any other relief that is appropriate.

## Count III: Race Discrimination in Violation of § 1981

28. Plaintiff realleges and adopts, as if fully set forth in this Count, all of the allegations in ¶¶ 1-15.

29. The actions of Defendant, as more particularly alleged above had the purpose and effect of denying Plaintiff the same right to make and enforce contracts as is enjoyed by white citizens, in violation of Plaintiff's rights under 42 U.S.C. § 1981.

30. The actions of defendants alleged above were intentionally and purposefully done to Plaintiff because he was not a white citizen.

31. As a direct, natural, proximate and foreseeable result of defendant's actions, Plaintiff has suffered past and future pecuniary losses, emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

32. The actions of defendants exhibited oppression, malice, gross negligence, willful or wanton misconduct, or a reckless disregard for Plaintiff's civil rights so as to entitle Plaintiff to an award of punitive damages against defendant to punish it for its conduct and to deter it and others like it from such conduct in the future.

33. Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to 42 U.S.C. § 1988.

34. Plaintiff, having been discriminated against by defendants has suffered irreparable harm for which there is no plain, adequate or complete remedy at law.

WHEREFORE, Plaintiff prays that this Court will:

a. issue a declaratory judgment that the discrimination against Plaintiff by Defendant was a violation of his rights under 42 U.S.C. § 1981;

b. enjoin Ulta Beauty Cosmetics, LLC from continuing to violate Plaintiff's federally and statutorily protected rights and to make Plaintiff whole;

c. enter a judgment for Plaintiff and award damages, including punitive damages, against Defendant;

d. grant Plaintiff his reasonable attorneys' fees and litigation costs pursuant to 42 U.S.C. § 1988; and

e. provide any other relief that is appropriate.

### Count IV: Retaliation in Violation of § 1981 for Plaintiff's Opposition to Discrimination Against Defendant's Non-White Patrons

35. Plaintiff realleges and adopts, as if fully set forth in this Count, all of the allegations in ¶¶ 1-15.

36. The actions of Defendant, as more particularly alleged above, had the purpose and effect of denying non-white patrons the same right to make and enforce contracts as is enjoyed by white citizens, in violation of Plaintiff's rights under 42 U.S.C. § 1981.

37. Plaintiff objected to and opposed, as more particularly alleged above, what he reasonably believed in good faith was unlawful discrimination against non-white patrons.

38. The adverse actions of Defendant violated Plaintiff's right to be protected against retaliation for engaging in protected activity, which retaliation is proscribed by 42 U.S.C. § 1981.

39.  As a direct, natural, proximate and foreseeable result of Defendant's actions, Plaintiff has suffered past and future pecuniary losses, emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

40.  The actions of Defendants exhibited oppression, malice, gross negligence, willful or wanton misconduct, or a reckless disregard for Plaintiff's civil rights so as to entitle Plaintiff to an award of punitive damages against Defendants to punish it for its conduct and to deter them and others like them from such conduct in the future.

41.  Plaintiff is entitled to recover reasonable attorney's fees and litigation expenses pursuant to 42 U.S.C. § 1988.

42.  Plaintiff, having been discriminated against by Defendants has suffered irreparable harm for which there is no plain, adequate or complete remedy at law.

WHEREFORE, Plaintiff prays that this Court will:

a. issue a declaratory judgment that the discrimination against Plaintiff by Defendant was a violation of his rights under 42 U.S.C. § 1981;

b. enjoin Defendant from continuing to violate Plaintiff's federally and statutorily protected rights and to make Plaintiff whole;

c. enter a judgment for Plaintiff and award damages, including punitive damages, against Defendant;

d. grant Plaintiff his reasonable attorneys' fees and litigation costs pursuant to 42 U.S.C. § 1988; and

e. provide any other relief that is appropriate.

## Jury Trial Demand

Plaintiff demands trial by jury on all issues so triable.

                                      Respectfully submitted,

                                      Brenton Legal P.A.
*Counsel for Plaintiff*
1070 E. Indiantown Rd., Suite 400
Jupiter, FL 33477
Phone: 954-639-4644

By: /s/ Ryan Brenton

Ryan Brenton
Florida Bar No.: 107675
rcb@brentonlegal.com
Travis Beal
Florida Bar No.: 104890
tjb@brentonlegal.com